THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KALE WITMER,                              :
                                          :
              Plaintiff,                  :
      v.                                  :     CIVIL ACTION NO. 3:20-CV-00341
                                          :     (JUDGE MARIANI)
                                          :     (Magistrate Judge Carlson)
LEAR CORPORATION PINE GROVE,              :
                                          :
              Defendant.                  :

ORDER

AND NOW, THIS _30th_ DAY OF _October_, 2023, upon *de novo*

review of Magistrate Judge Martin C. Carlson's Report & Recommendation ("R&R") (Doc.

39), Defendant's Objections to the R&R (Docs. 42, 43), Plaintiff's response thereto (Doc.

44), and all other relevant documents, **IT IS HEREBY ORDERED THAT:**

1. Defendant's first objection is **OVERRULED**. Defendant objects to the R&R on the

   basis that it did not make an express finding that the temporal proximity between

   Plaintiff's FMLA-protected activity and termination was "unduly suggestive" or that

   there was any evidence of retaliatory animus. (Doc. 42 ¶¶ 1-8.) Magistrate Judge

   Carlson determined that the "eight-hour period between the protected activity and

   adverse action is sufficiently proximate to allow an inference of causation." (Doc.

   39 at 11-12.) The Third Circuit has held that "when the 'temporal proximity'

   between the protected activity and adverse action is 'unduly suggestive,' this 'is

   sufficient standing alone to create an inference of causality and defeat summary

judgment.'" *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 307 (3d Cir.

2012) (quoting *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232

(3d Cir.2007)). Here, the parties agree that when the temporal proximity between

the protected activity and adverse action is "unduly suggestive," this alone can

create an inference of causality. *Id*. The Court disagrees with Defendant's

argument that Magistrate Judge Carlson failed to find that the temporal proximity

between Plaintiff reporting his absence and being terminated was "unduly

suggestive." (Doc. 42 ¶¶ 5-7.) In his R&R, Magistrate Judge Carlson provides the

standard set out in *Lichtenstein* stipulating that when the temporal proximity is

"unduly suggestive," this can create a plausible inference of causality. (Doc. 39 at

11.) Magistrate Judge Carlson then discusses the short duration between Plaintiff's

attempt to invoke his FMLA leave and his termination, and "conclude[s] that this

eight-hour period between the protected activity and adverse action is *sufficiently*

*proximate* to allow an inference of causation." (Doc. 39 at 11-12) (emphasis

added.) Magistrate Judge Carlson's determination that there was "sufficient

proximity" between Plaintiff's alleged protected activity and his termination warrants

a plausible inference of causation. Therefore, the Court overrules this objection.

2. Defendant's second objection is **OVERRULED**. Defendant objects to the R&R on

the additional grounds that Plaintiff's failure to timely call in one hour prior to his

shift was an "intervening event" that severed causation between Plaintiff's alleged

FMLA-protected activity and his termination. (Doc. 42 ¶¶ 9-10.) Courts in the Third

Circuit have found that "[a] causal link between an employee's protected activity

and an adverse employment action can be broken by an intervening event." *Checa*

*v. Drexel Univ.*, No. CV 16-108, 2016 WL 2548517 at \*18 (E.D. Pa. June 28,

2016); *see also Weiler v. R&T Mech., Inc.*, 255 F. App'x 665, 668-69 (3d Cir.

2007). Here, Plaintiff failed to timely call in to work at or before 6:00 a.m., an hour

prior to his 7:00 a.m. start time. (Doc. 39 at 11.) Plaintiff then engaged in FMLA-

protected activity when he called in late at 6:28 a.m. (*Id*.) Defendant argues that

Plaintiff's failure to call in an hour before his start time was an intervening event

that severed causation between the protected activity and the 2:30 p.m. adverse

employment action. (Doc. 42 ¶¶ 9-10.) Plaintiff's failure to call in at or before 6:00

a.m. came *before* his 6:28 a.m. call-in. (Doc. 42 ¶ 10.) This timeline shows that

Plaintiff's failure to timely call in to work at or before 6:00 a.m. cannot be treated as

an "intervening event" because it did not intervene *between* the alleged 6:28 a.m.

FMLA-protected activity and the 2:30 a.m. adverse employment action. Thus, the

Court overrules this objection.

3. Defendant's third objection is **OVERRULED**. Defendant objects to the R&R on the

additional basis that Magistrate Judge Carlson's determination that the ambiguity

caused by the attendance policy is insufficient to establish pretext under the

*McDonnell Douglas* framework. (Doc. 42 ¶¶ 11-22.) Under the third prong of the

*McDonnell Douglas* burden shifting framework,[1] Plaintiff must rebut Defendant's proffered non-discriminatory reason for its adverse employment action by plausibly "demonstrate[ing] such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them unworthy of credence." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (internal quotations omitted). The Court disagrees with Defendant's argument that there is no analysis or identification of any evidence under which Defendant's legitimate nondiscriminatory reasoning is to be "disbelieved." (Doc. 42 ¶ 18.) In determining that "a factfinder could conclude that the stated reason for Witmer's termination was pretextual," (Doc. 39 at 12) Magistrate Judge Carlson recognized that Defendant's attendance policy was selectively enforced against Plaintiff in this instance:

> As we have noted, the half occurrence used to penalize a late call off was excused on several occasions where Witmer called in late to report an FMLA absence. For example, Witmer called off late on July 2, 2019, and the defendant's notes state: "1/2 point for late reporting excused as combined with short term disability 7/2-7/14." (Id.) Similarly, on July 17, 2019, Witmer's half occurrence for late reporting was excused when he called off due to back pain. (Id.) Moreover, Lear's HR manager, Ms. Colna, stated that "if [an employee] on FMLA . . . told us that they were unable to report because of their FMLA, then that would give the waiver of the half point." (Doc. 28-6, at 9).

---

[1] Courts have assessed FMLA retaliation claims through the lens of employment discrimination law. *See Lichtenstein*, 691 F.3d at 302. "Claims based on circumstantial evidence have been assessed under the burden-shifting framework established in [*McDonnell Douglas*]." *Id.* at 302; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

(*Id*. at 14.)

Magistrate Judge Carlson also evaluated the fact that Plaintiff was terminated a mere eight hours following his usage of FMLA leave. (*Id*.) Magistrate Judge Carlson properly determined that, based on the ambiguous attendance policy and selective enforcement coupled with the timing of Plaintiff's termination, "there is sufficient evidence in the record from which a factfinder could conclude that the stated reason for Witmer's termination was pretextual" and could be disbelieved. (Doc. 39 at 12.) Therefore, the Court overrules Defendant's final objection.

4. The R&R (Doc. 39) is **ADOPTED** for the reasons discussed therein.

5. Defendant's Motion for Summary Judgement (Doc. 28) is **DENIED.**

6. Trial in this matter shall be scheduled by a separate order.

Robert D. Mariani
United States District Judge